UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FRED BLAKEFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARRON ROAD VENTURES, LLP, *et al*.,<br><br>　　　　Defendants.<br><br>------------------<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　Cross-Claimant,<br><br>　　v.<br><br>DAVID LONICH and MARRON ROAD VENTURES, LLP,<br><br>　　　　Cross-Defendants. | Case No. 20-cv-08244-SI<br><br>**ORDER DENYING MOTION FILED BY SJOCC, INC. TO LIFT STAY REGARDING ENFORCEMENT OF JUDGMENT AGAINST PLAINTIFF DAVID FRED BLAKEFIELD AND LIFTING STAY AS TO DISCOVERY; SETTING FURTHER STATUS CONFERENCE FOR MARCH 8 AT 3:00 PM**<br><br>Re: Dkt. No. 58 |

On January 5, 2024, the Court held a hearing on the "ex parte motion for an order to amend or vacate stay of execution and request for temporary restraining order" filed by SJOCC, Inc. SJOCC, Inc. is not a party to this interpleader action. SJOCC, Inc. asserts that it is a real party in interest because it is currently the trustee of the M&J Gift Trust. SJOCC has filed a copy of an "Acknowledgement of Assignment of Judgment" which states that on September 19, 2018, David Lonich assigned his rights under the Blakefield Judgment "to Marron Road Ventures LLC, Trustee of the M&J Gift Trust." Dkt. No. 58-1, Ex. B. SJOCC states that James Franklin was the "managing member" of Maron Road Ventures, LLC ("MRV") and that after Franklin died in 2023, SJOCC

became the trustee of the M&J Gift Trust. SJOCC states, "MRV is not an individual party in this action, but was instead named as a defendant in its capacity as trustee of the Trust. Since MRV is no longer the trustee of the Trust it is no longer a proper party and has no right to act as the agent for the Trust." Dkt. No. 63 at 2.

SJOCC, Inc.'s motion was opposed by Blakefield and the government. No responses were filed by either MRV, which is currently a defendant in this case, or cross-defendant Lonich, and neither Lonich nor a representative from MRV appeared at the hearing.

The Court DENIES SJOCC's motion. The Court finds as a threshold matter that SJOCC has not demonstrated that it has standing to file the motion. In response to questioning by the Court at the hearing, counsel for SJOCC, Mr. Grebing, stated the following: (1) "SJOCC" was an acronym of the names of his five children; (2) Grebing owns SJOCC and SJOCC was created for the purpose of becoming the trustee of the M&J Gift Trust, though SJOCC did not assume any of MRV's liabilities; (3) Grebing performed legal work for Lonich and Franklin, and in lieu of receiving payment for those services, SJOCC was made trustee of the M&J Gift Trust; (4) the M&J Gift Trust has a single beneficiary and Grebing was "not at liberty" to reveal the identity of the beneficiary, though Grebing stated that Lonich was not the beneficiary; (5) MRV is still an operating entity, and it is operated by Laura Franklin, James Franklin's widow; (6) Grebing has never read the trust documents and could not state exactly how SJOCC, Inc. became the trustee of the trust. In light of all of these statements, as well as the dearth of information in the record regarding the M&J Gift Trust, MRV and SJOCC's appointment as trustee of the M&J Gift Trust, the Court concludes that SJOCC lacks standing.

As discussed at the hearing, the Court LIFTS the stay as to discovery. The Court schedules a further status conference for **March 8, 2024 at 3:00 p.m. All parties, including MRV and Lonich, are directed to appear for the status conference. At this time, the Court intends to hold the status conference by zoom.**

**IT IS SO ORDERED**.

Dated: January 5, 2024

SUSAN ILLSTON
United States District Judge

2